**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Scott D. Sager, Edward Young, Renada Hall, Michael Marcotte, Sharon Scott, Jack Whittington, Carmelita Nunez, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br>vs.<br><br>Volkswagen Group of America, Inc., and Audi of America, Inc.,<br><br>Defendants. | Civil Action No. 2:18-cv-13556 (ES) (SCM) |

## FINAL APPROVAL ORDER AND JUDGMENT

THIS MATTER having come before the Court for consideration of the motion for final approval of the parties' class action Settlement and the motion for an award of reasonable attorney's fees and expenses and incentive awards to the named Plaintiffs, in accordance with the parties' Settlement Agreement;

WHEREAS, Plaintiffs Scott D. Sager, Edward Young, Renada Hall, Michael Marcotte, Sharon Scott, Jack Whittington and Carmelita Nunez (the "Named Plaintiffs'), and Defendant Volkswagen Group of America, Inc. ("VWGoA"), sued herein as Volkswagen Group of America, Inc. and Audi of America, Inc., reached a class settlement of this action after substantial arm's length negotiations (the "Settlement") and executed a Settlement Agreement on March 16, 2020 ("Agreement" or "Settlement Agreement");

WHEREAS, on April 16, 2020, Plaintiffs submitted the Settlement Agreement together with the motion for preliminary approval of the proposed settlement to the Court;

WHEREAS, the Court issued a Preliminary Approval Order granting preliminary approval of the Settlement Agreement and all of its terms on December 8, 2020 (the "Preliminary Approval Order"), and for settlement purposes only, preliminarily (a) certifying the proposed Settlement Class as set forth in the Settlement Agreement, (b) appointing settlement class counsel, the Settlement Class Representatives and the Settlement Claims Administrator, (c) approving the parties' proposed Class Notice and plan for disseminating the Class Notice (the "Class Notice Plan") as set forth in the Settlement Agreement, (d) directing the parties to implement the Class Notice Plan accordingly, (e) directing the time and manner for any class member objections to or requests for exclusion from the proposed Settlement, (f) scheduling the filing of various submissions in connection with the Settlement approval process, and (g) scheduling the Final Fairness Hearing;

WHEREAS, the Settlement Claims Administrator, Epiq Global, timely and sufficiently effectuated the approved Class Notice Plan in accordance with the Settlement Agreement and Preliminary Approval Order;

WHEREAS, the Plaintiffs filed their unopposed Motion for Final Approval of the Parties' Class Action Settlement on May 31, 2021, and their Motion for reasonable class counsel attorney's fees and expenses and incentive awards for the named Plaintiff-Settlement Class Representatives on April 15, 2021;

WHEREAS, Defendant VWGoA filed its Memorandum of Law in Response to Objections and in Support of Final Approval of the Proposed Class Settlement on June 7, 2021;

WHEREAS, the Court conducted a Final Fairness Hearing on June 16, 2021 to determine whether the proposed Settlement is fair, reasonable, and adequate and satisfies Fed. R. Civ. P. 23 ("Rule 23"), to address any objections to the Settlement, to determine whether the Settlement

should be granted final approval, and to determine whether to grant Settlement Class Counsel's request for reasonable attorney's fees and expenses up to the collective amount of $1,050,000; to determine whether to grant the request for the Plaintiff-Settlement Class Representatives' incentive awards in the amounts of $3,500 to each of Plaintiffs Young, Hall, Marcotte, Scott, and Whittington, $5,000 to Plaintiff Sager, and $5,500 to Plaintiff Nunez, and to address any other matters relating to final approval;

WHEREAS, the parties having appeared at the Final Fairness Hearing in response to objections and in support of final approval of the proposed Settlement, and the Court, having heard the arguments of counsel and having carefully reviewed and considered the Settlement Agreement, all motions and submissions filed, and proceedings held, in connection with the proposed Settlement and the approval process, all objections and written comments received regarding the proposed Settlement, and the record in this Action, and having considered and applied the applicable law and criteria for reviewing and approving class action settlements pursuant to Rule 23 and the factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), and for good cause shown;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      The Settlement Agreement is fair, reasonable, and adequate and complies in all respects with Rule 23 and the applicable law.  Accordingly, the Court hereby grants final approval of the Settlement and all of its terms and conditions.

2.      The Settlement Agreement and Release, including its exhibits, and the definitions contained therein, are incorporated and made a part herein by reference in this Final Approval Order and Judgment.  The terms of this Court's Preliminary Approval Order (Dkt. No. 69) are also incorporated and made a part herein by reference in this Final Approval Order and Judgment.

3.      This Court has jurisdiction over the subject matter of the Action and over the Parties pursuant to 28 U.S.C. § 1332, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

4.      The Court hereby certifies the following Settlement Class:

> All persons and entities who purchased or leased a Settlement Class Vehicle in the United States of America and Puerto Rico.

5.      "Settlement Class Vehicles" are defined as the following model and model year Audi vehicles equipped with a 2.0L Turbo TFSI "EA888 Evo 2" engine and an Electric (After-Run) Coolant Pump, imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico: (i) Model Year 2013, 2014, 2015 and 2016 Audi A4 Sedan & Allroad; (ii) Model Year 2013, 2014, 2015, 2016 and 2017 Audi A5 Sedan & Cabriolet; (iii) Model Year 2013 through 2017 Audi Q5; and (iv) Model Year 2012, 2013, 2014 and 2015 Audi A6.

6.      Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage, and/or subrogation; (b) all Judges who have presided over the Actions and their spouses; (c) all current employees, officers, directors, agents, and representatives of Defendant, and their family members; (d) any affiliate, parent, or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (k) any Settlement Class Member that filed

a timely and proper Request for Exclusion from the Settlement Class as delineated in Exhibit A hereto.

7.    The Court finds, for settlement purposes, that the requirements of Rules 23(a) and (b)(3) have been satisfied, warranting final approval of this Settlement and certification of the Settlement Class, because, *inter alia*, the Settlement Class members, numbering in the thousands, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Named Plaintiffs are typical of those of the Settlement Class Members they represent; the Named Plaintiffs have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent; common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a Class Settlement; and a class action is superior to individual litigation in this matter.

8.    The Court also finds that the Settlement Agreement is the product of vigorous arm's-length negotiations of disputed claims among experienced class action counsel, and is not the product of collusion.  Furthermore, the Settlement was negotiated with the assistance of an experienced neutral mediator.  The Settlement was the result of the parties' good faith negotiations, with counsel for both sides having adequately assessed this case's strengths and weaknesses, and having structured the Settlement in a way that adequately accounts for those strengths and weaknesses and complying in all respects with Rule 23 and all applicable law.

9.    The Court finds that in negotiating, entering into, and implementing the Settlement, the Named Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class.

10.     The Court further finds and concludes that Class Notice was properly and timely disseminated to the Settlement Class in accordance with the Class Notice Plan set forth in the Settlement Agreement and the Preliminary Approval Order (Dkt. No. 69).  The Class Notice Plan and its implementation in this case fully satisfy Rule 23, the requirements of due process and constitute the best notice practicable under the circumstances.

11.     The Notice of this proposed Settlement provided by the Claim Administrator to the U.S. and States' Attorneys General, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, was timely, proper and fully satisfied the requirements of that statute.  The Court also notes that no Attorney General has objected to the proposed Settlement.

12.     The Court finds that of the 587,849 Settlement Class Members in this Action, only eight objections to the Settlement were sent to the Court or counsel.  In addition, only 44 Settlement Class Members submitted requests for exclusion from the Settlement, of which only 37 were timely and valid as addressed below.  The Court finds that this demonstrates an extremely favorable reaction of the Settlement Class to the Settlement, which further supports the finding herein that the Settlement is fair, reasonable and adequate and complies with Rule 23 and the applicable law.

13.     The Court, having carefully reviewed the all of the parties' submissions, the objections to the Settlement, and the parties' responses thereto, and having addressed and duly considered the matters at the Final Fairness Hearing pursuant to Rule 23(e)(5)(B)(i), hereby approves and accepts the settlements and withdrawals of the objections of John A. Bacchetti and Shireen M. Bacchetti, and of Susan B. Eisnor.  Accordingly, these objections are hereby deemed withdrawn.  The Court further finds that, had these objections not been withdrawn, they would be overruled and not preclude the grant of final approval of this Settlement.

14.     The Court also observes that Teresa Wilinski and Joseph Wilinski have withdrawn their objections.  The Court accepts their withdrawal, and further finds that, had these objections not been withdrawn, they would be overruled and not preclude the grant of final approval of this Settlement.

15.     The Court, having carefully considered the objections of Martin Rahinesky, L. John Samadi, Arthur Williams, Paul L. Bittner, and Michael Peterson and Carol Peterson, and all related submissions and arguments, finds that these objections are overruled.

16.     The terms of the Settlement Agreement and the Final Approval Order are binding in all respects on the Named Plaintiffs and all Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns, other than those, identified in Exhibit A attached hereto, who have timely and properly filed requests for exclusion from the Settlement.

17.     In this regard, the Court has considered the forty-two (42) requests for exclusion that were submitted to the Settlement Claims Administrator, and which have been identified in the list attached as Exhibit 4 to the Declaration of Cameron R. Azari.  The Court has also considered the additional two (2) requests for exclusion from Ernest W. Pierce III and Christine H. Page.  The Court finds that seven (7) of those forty-four (44) requests for exclusion, by Tommie Ginn, Romeo Gutierrez, Richard Hansen, Rose Ross, Mark Sorrill, Whitney Wing Oppersdorff and Anthony Oppersdorff, and Ernest W. Pierce III, fail to comply with one or more of the requirements enumerated in the Preliminary Approval Order and Class Notice, and are therefore rejected.  These Settlement Class Members are thus not excluded from, and are bound in all respects by, the Settlement, the Release of Claims contained in the Settlement Agreement, and this Order and Judgment.

18.    The Court finds, as timely and proper, the remaining thirty-seven (37) of the requests for exclusion from the Settlement Class, which are listed in Exhibit A to this Order and Judgment.

19.    The Court, having granted final approval of this Settlement, hereby directs its implementation pursuant to the terms and conditions of the Settlement Agreement.

20.    The Court hereby appoints the following Named Plaintiffs as Settlement Class Representatives: Scott D. Sager, Edward Young, Renada Hall, Michael Marcotte, Sharon Scott, Jack Whittington, and Carmelita Nunez.    The Court finds that these Settlement Class Representatives have, and will continue to, fairly and adequately protect and represent the interests of the Settlement Class.    The Court also finds that the interests of the Settlement Class Representatives are not antagonistic to those of the Settlement Class, and that the Settlement Class Representatives are represented by Class Counsel who are experienced and competent in the prosecution of complex class action litigation.

21.    The Court hereby appoints Sergei Lemberg, Esq. and Stephen Taylor, Esq. of Lemberg Law, LLC as Settlement Class Counsel, and finds that they fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class in entering into and implementing the Settlement Agreement.

22.    The Court hereby grants Settlement Class Counsel's request for an award of reasonable attorney's fees, inclusive of all expenses, in the total amount of $1,050,000.  Said award shall be paid by Defendant in the manner provided by the terms of the Settlement Agreement, and said payment shall fully, completely and forever satisfy any and all obligations of Defendant, and any Released Party, with respect to counsel fees and expenses.

23.    The Court also hereby approves the payment of incentive awards to the Settlement Class Representatives as follows:  $3,500 each to Plaintiffs Young, Hall, Marcotte, Scott and Whittington, $5,000 to Plaintiff Sager, and $5,500 to Plaintiff Nunez.  Said incentive awards are to be paid by Defendant in the manner provided by the terms of the Agreement, and said payment shall dully, completely and forever satisfy any and all obligations of Defendant, and any released Party, with respect to Settlement Representative incentive awards.

24.    This Action, and all claims against Defendant, are hereby dismissed on the merits and with prejudice, without fees or costs to any party, except as expressly provided for in the Settlement Agreement and this Order and Judgment.

25.    Plaintiffs, and each and every Settlement Class Member other than those specifically listed in Exhibit A to this Order and Judgement, hereby unconditionally, fully, and finally release and forever discharge all Released Parties from all Released Claims as set forth in the Settlement Agreement.

26.    Plaintiffs and each and every Settlement Class Member (other than those specifically listed in Exhibit A to this Order and Judgement), and any person actually or purportedly acting on behalf of any said Settlement Class Member(s), is/are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum) against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and Judgment, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.  However, Settlement Class Members are not

precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Action or Settlement.

27.     Nothing in this Final Approval Order and Judgment, the Class Settlement, the Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, is or shall be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or of any wrongdoing whatsoever by Defendant or any Release Party, or of the truth of any of the claims and allegations asserted by Plaintiffs in this Action, all of which are hereby denied.

28.     In the event that any provision of the Settlement or this Final Approval Order and Judgment is asserted by Defendant or any Released Party as a defense (including, without limitation, as a basis for dismissal and/or a stay), in whole or in part, to any claim, suit, action or proceeding in any forum, judicial or otherwise, brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that claim, suit, action and/or proceeding shall immediately be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.

29.     By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order and Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

30.     Finding that there is no just reason for delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

31.    Without further order of the Court, the parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

32.    Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the parties and the Settlement Class, and all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement and this Settlement, which includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar on and injunction against prosecution of any and all Released Claims.

IT IS SO ORDERED.

Dated: __June 22, 2021_____    _____
                                    Hon. Esther Salas
                                    United States District Judge

**Sager v. Volkswagen Group of America, Inc.**
**Civil Action No. 2:18-cv-13556 (ES) (SCM)**
**Requests for Exclusion**

|  | Opt Out # | Opt Out Name | VIN | Postmarked Date |
|---|---|---|---|---|
| 1 | 12538 | Sharon Kay Sells | WAUM2AFH7GN003115 | 4/19/2021 |
| 2 | 27064 | Valerie M. Lee-Block | WA1LFAFP5FA005598 | 5/6/2021 |
| 3 | 27716 | David Rossi | WAUHFAFL0FN035610 | 4/22/2021 |
| 4 | 64585 | Debra D. Cobb | WAUM2AFH8GN003527 | 5/3/2021 |
| 5 | 67317 | Susan Carnegie | WAUGFAFC3EN033344 | 4/29/2021 |
| 6 | 68348 | Anna Cristina Morales Hagedorn | WAUEFAFL5DA107313 | 5/11/2021 |
| 7 | 71940 | Deborah L. Davidson | WAUKFAFL3EN002279 | 4/27/2021 |
| 8 | 89128 | Philip Ryan King | WAUDFAFL8EN041314 | 4/16/2021 |
| 9 | 97622 | Karen Caudle | WAUAFAFL2DN042718 | 4/19/2021 |
| 10 | 102088 | Kathleen Mulkern | WA1UFAFL8DA116371 | 5/3/2021 |
| 11 | 129284 | Calvin Warren | WAUVFAFH9DN014590 | 4/21/2021 |
| 12 | 133471 | David Hunt | WAUBFAFL6EN023210 | 5/5/2021 |
| 13 | 134902 | Ronald N. McMillan | WAUDFAFC1EN111834 | 5/6/2021 |
| 14 | 146694 | Mark T. Keaney, Jr. | WAUAFAFL5FN016018 | 4/24/2021 |
| 15 | 190049 | Hank Pace | WAUVFAFRXDA031804 | 5/5/2021 |
| 16 | 208629 | Rosanne M. Penn and David J. Penn | WA1TFAFL9FA001325 | 4/15/2021 |
| 17 | 215238 | Sara M. Schumacher | WAUAFAFL1FN017716 | 5/12/2021 |
| 18 | 230297 | Lydia Flagg | WAUAFAFL7EN018271 | 5/11/2021 |
| 19 | 262554 | Hollis Page Harman | WA1UFAFL0GA015751 | 4/22/2021 |
| 20 | 265753 | Frederick Haynie, Jr. | WA1M2AFP8HA043734 | 4/13/2021 |
| 21 | 284301 | Jennifer Shaw Wright | WA1M2AFP8HA044382 | 4/16/2021 |
| 22 | 294238 | Maria Molina | WAUFFAFL6EN021121 | 5/11/2021 |
| 23 | 306415 | Jean E. Bartlett | WA1L2AFP3GA037091 | 4/23/2021 |
| 24 | 311962 | George Seldat | WA1CFAFP3FA040379 | 5/11/2021 |
| 25 | 358489 | Christine N. Page | WAUFFAFL5EN026844 | 4/28/2021 |
| 26 | 400988 | Maria S. Hyde | WAUFFAFL0DN028273 | 4/23/2021 |
| 27 | 422745 | Carolina Barros Tardelli | WA1C2AFP6HA081779 | 4/13/2021 |
| 28 | 428339 | Faith Pattrin | WAUFFAFL9DN004232 | 4/29/2021 |
| 29 | 443261 | Randall Lamar Jordan | WAUFFAFLXFN043222 | 4/16/2021 |
| 30 | 443613 | Ann Tinkle | WAUFFAFL9FN021292 | 4/28/2021 |
| 31 | 446200 | Kenneth D. King | WA1L2AFPXHA024470 | 5/4/2021 |
| 32 | 459778 | Kevin Celuch and Debra Celuch | WA1LFAFP2EA124742 | 4/19/2021 |
| 33 | 465763 | Cathy L. Carr | WA1C2AFP5GA015626 | 4/29/2021 |
| 34 | 478830 | Daria Saraczyn | WAUCFAFR3EA013458 | 5/4/2021 |
| 35 | 492810 | Gayle M. Plevyak | WA1LFAFP2FA046187 | 4/22/2021 |
| 36 | 553897 | Denise Meraz | WA1M2AFP9HA094840 | 4/21/2021 |

| 37 | 587959 | Judith B. Womble | WA1L2AFP5GA030403 | 5/6/2021 |